**Carole Hyman BURSTEIN,**

v.

**The STATE BAR OF CALIFORNIA.**

**Civ. A. No. 80–2398.**

United States District Court,
E. D. Louisiana.

Dec. 18, 1980.

Carole Hyman Burstein, in pro. per.

Robert M. Sweet, Los Angeles, Cal. and Darlene Marie Azevedo, San Francisco, Cal., for the State Bar of California.

CHARLES SCHWARTZ, Jr., District Judge.

This matter arises on the motion of the defendant, the State Bar of California (hereafter the State Bar), to dismiss the complaint of plaintiff Carole Hyman Burstein pursuant to Rule 12(b) of the Federal Rules of Civil Procedure on grounds of failure to establish personal jurisdiction, failure to establish subject matter jurisdiction, the barring of the complaint by the Eleventh Amendment, the clothing of the defendant with judicial immunity in performing its bar examination function, and failure of the complaint to state a ground upon which relief can be granted. For reasons which will be set forth, we reach only the question of personal jurisdiction today and venture no opinion on the merits of any other ground raised by the defendant for its motion to dismiss, or on any issue raised in the plaintiff's complaint.

The plaintiff is a 1955 *summa cum laude* graduate of the University of California at Los Angeles, from which she also holds a Master's Degree in English. She is a 1976 graduate of the Loyola Law School of New Orleans and a member of the Louisiana Bar. She sat for the California Bar examination administered on July 24, 25, and 26, 1979, in San Francisco. The State Bar's Committee of Bar Examiners informed her in November of that year that she had failed the examination.

Ms. Burstein now brings this suit against the State Bar alleging that the Educational Testing Service, which wrote and graded the Multistate portion of the California examination, "had through computer error negligently given her failing grades" on the multiple selection portion of the test and that the California examiners, by virtue of their knowledge of her failing grade on the Multistate portion, failed to accord the essay portion of her examination serious consideration. Burstein alleges that the State Bar in so doing acted under color of law to violate her rights to due process by denying her a fair and impartial reading of her examination. She further charges that the State Bar denied her equal protection under the law by stigmatizing and further penalizing the group of persons with failing Multistate scores by attaching a negative presumption as to the quality, or relative lack thereof, of the essay portions of their examinations.

The plaintiff seeks to invoke the provisions of Louisiana Revised Statutes 13:3201 *et seq.*, the Louisiana Longarm Statute, to gain jurisdiction over the "person" of the State Bar. That statute provides that

A Court may exercise personal jurisdiction over a nonresident, who acts directly or be an agent, as to a cause of action arising from the nonresident's

(a) transacting any business in this state;

(b) contracting to supply services or things in this state;

(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;

(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or

(e) having an interest in, using, or possessing a real right or immovable property in this state.

The standard set forth by the Supreme Court in *International Shoe* requires, of course, that a court exercise personal jurisdiction over nonresidents only when such defendants have sufficient "minimum contacts" with the forum state that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). More recently, the Court has noted that "[w]hile the interests of the forum State and of the plaintiff in proceeding with the cause in the plaintiff's forum of choice are of course to be considered, see *McGee v. International Life*

*Insurance Co.*, 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957), an essential criterion in all cases is whether the 'quality and nature' of the defendant's activity is such that it is 'reasonable' and 'fair' to require him to conduct his defense in that state. *International Shoe Co. v. Washington, supra*, 326 U.S. at 316–317, 319, 66 S.Ct. at 158–159. Accord, *Shaffer v. Heitner*, [433 U.S. 186 at 207–212]; *Perkins v. Benguet Mining Co.*, 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952)." *Kulko v. Superior Court*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978).

■ The activity which plaintiff suggests is sufficient to qualify as "substantial contact" includes:

(a) the fact that the State Bar has allowed 89 persons who attended Tulane, Loyola, Southern, or Louisiana State University Law School to apply to take the California Bar Examination in the past ten years;

(b) the fact that some 49 or so persons residing in Louisiana are members of the California State Bar; and

(c) the fact that the State Bar mails to all its members, including those in Louisiana, annual membership fee statements, notices of penalities if such fees are not paid promptly; copies of orders of suspension from the State Bar entered by the California Supreme Court; "notices of the availability of and amendments for members of the State Bar as offered by various insurance companies"; and the State Bar Journal.

This Court is unable to find that these activities are sufficient to bring the State Bar of California within its jurisdiction. We are particularly mindful of the Supreme Court's admonition that

[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state.... [I]t is essential in each case that there be some act by which the defendant purposefully avails [h]imself of the privilege of conducting activities within the forum state.

*Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958). The State Bar of California does not avail itself of any Louisiana privileges or services. It does not solicit potential members in this or any state. Those who wish to sit for its examination take it upon themselves to apply to do so, and the State Bar, as a convenience to such persons, mails the necessary materials to the address given by these applicants. Similarly, the State Bar mails certain materials to members regardless of their place of residence rather than attempting to require that all its members maintain California mailing addresses.

We are unpersuaded by plaintiff's argument that the State Bar entered into a contract with her when it accepted her application to sit for the examination, and we do not find the *Cousteau* case, which she urges as controlling the issue of personal jurisdiction, to be applicable here. *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974). That Court found that Texas, the forum state, was the situs of the contract at issue; the plaintiff here could hardly suggest that Louisiana is the site of any alleged contract between her and the State Bar of California. Too, the *Cousteau* court found that there were contemplated by the contract "reasonably foreseeable consequences" in Texas; the plaintiff here could not be heard to suggest that there were any foreseeable consequences at all in Louisiana of any alleged contract between her and the State Bar. Finally, the *Cousteau* court found "an affirmative, purposeful decision by [the defendant] CEMA to avail itself of the privilege of conducting some business in Texas." *Cousteau, supra*, at 496. As already discussed, there is manifestly no such action of the California State Bar here.

Accordingly, the motion of the California State Bar to dismiss on the ground of this Court's lack of personal jurisdiction over it is GRANTED.